IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EARL L. BARNES, #166220**                                               **PETITIONER**

**VERSUS**                                             **CIVIL ACTION NO. 1:13cv305-LG-JMR**

**WARDEN FRANKLIN D. BREWER**                                    **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before this court on the Petition [1] for Writ of Habeas Corpus filed by Earl L. Barnes [Barnes], pursuant to 29 U.S.C. § 2254. A motion to dismiss [18] the petition was filed on behalf of the Respondent, Warden Franklin D. Brewer [Brewer], on February 12, 2014. The Court, having been advised in the premises and having considered the entire record, including the lodged state court record, recommends that Barnes' Petition for Writ of Habeas Corpus should be dismissed.

<u>**STATEMENT OF THE CASE**</u>

Barnes is challenging his conviction entered in the Circuit Court of Jackson County, on March 10, 2011. [1, p. 1.] Barnes entered a guilty plea to an aggravated assault charge and was sentenced as follows:

> Sentenced to Twenty (20) Years in the custody of the Mississippi Department of Corrections, this Court recommends placement in a facility close to Jackson County (SMCI). The Defendant is to have no contact with the Victim or the Victim's Family. It is ORDERED that the Defendant shall pay all court costs, a fine of $2,000.00 and $150.00 to the Crime Victim's Fund. The District Attorney's Office has within one year to determined [sic] Restitution. The Defendant shall make payment of $100.00 per month each and every month until paid in full starting 60 days after release.

[18-1.] Barnes' *pro se* petition for habeas corpus in this case seeks the following relief:

> Ground One: Motion for relief § 99-39-5 I challenges [sic] guilty plea on grounds of ineffective counsel, unprofessional errors of substantial gravity, proximate errors resulted in my guilty plea and that, But for Attorney Keith Miller errors; I would not have entered the plea, amen.

> Under Miss. Code Ann. § 99-39-11(2) Evidentiary hearing, a claim of coercion and ineffective counsel, attorney, their [sic] was no record of an evidence plea hearing pursuant to § 99-39-13 entitled to a the [sic] amount of time received, under Miss, Code Ann § 99-39-19 miligating [sic] evidence was available, my letter to Judge Robert Krebs, might have convinced the Judge "to impose a lighter sentence", my attorney, Keith Miller, refused to give Judge Krebs my letter and failed to inform me of my rights.

[1, pp. 1-15; 10, p. 2; 12.]

According to the Respondent, Barnes' claims are time barred under 28 U.S.C. § 2244(d). [18, p. 3.] Unless one of the exceptions to § 2244(d)(1)(B-D) apply, the Anti-Terrorism and Effective Death Penalty Act [AEDPA] requires that a federal habeas petition be filed within one year of the date that a petitioner's judgment of conviction becomes final. *Cantu v. Johnson*, 162 F.3d 295 (5th Cir. 1998). The Respondent asserts that Barnes' judgment became final on March 10, 2011, the day he was sentenced, because he had no right to a direct appeal from a guilty plea. [18, p. 3.]

The Respondent maintains that Barnes filed a Motion for Post Conviction Collateral Relief [PCR] in Jackson County Circuit Court as of the date that the document was notarized on January 12, 2012, as he could not have presented the document for mailing to prison officials prior to the notarizing of the document. [18, p. 4; 18-3, p. 6.] The Circuit Court denied the motion on January 26, 2012. [18-4.] A timely appeal was not taken from this decision, according to the Respondent. [18, p. 4.] Barnes filed an appeal of the denial of his motion for PCR on January 26, 2012. [18, p. 5; 18-5.] The motion was dismissed as untimely on June 20, 2012. [18-6; 18-7.] The Respondent asserts that Barnes' habeas petition was due on March 26, 2012. (*Id.*) This petition was filed on July 7, 2013, which is the date that Barnes signed the petition making the date the earliest filing date that could be considered by the Court under the "mailbox rule." [1; 18, p. 4; 18-3.]

## ANALYSIS

The AEDPA was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-5 (1998). The AEDPA, which became effective on April 24, 1996, instituted a time bar as follows, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653-6 (2012). *Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009). "If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' " *Roberts,* 319 F.3d at 694 (quoting § 2244(d)(1)(A)). Therefore, this Court must determine when Barnes' conviction became final.

3

This analysis will provide the date by which the Petitioner must have filed his petition in order to satisfy the statute of limitations.

Respondent correctly notes that, under Mississippi law, there is no direct appeal from a guilty plea. *See Seal v. State*, 38 So.3d 635 (Miss. Ct. App. 2010); MISS. CODE ANN. § 99-35-101 (Supp. 2009). This statute went in effect on July 1, 2008, and Barnes' guilty plea was entered on March 10, 2011, so he had no right to a direct appeal from his guilty plea. *Smith v. State*, 773 So. 2d 410, 411 (Miss. Ct. App. 2000). The sentence became final on the date it was entered pursuant to the amendment to the Mississippi Post-Conviction Collateral Relief Act. MISS. CODE ANN. § 99-35-101. A federal habeas petition on Barnes' conviction would be due within one year after the sentence in his state case became final. *Mark v. Thaler,* 646 F.3d 191, 192 (5th Cir. 2011). Barnes would have to file an application for PCR on or before March 12, 2012, to toll the limitations period for his habeas petition under 28 U.S.C. § 2244(d)(2).

Barnes filed his PCR motion in Jackson County Circuit Court on January 12, 2012. [18-3.] The motion was denied on January 26, 2012. [18-4.] Barnes is entitled to statutory tolling for the period January 12, 2012, through January 26, 2012. The addition of this time period would make Barnes' habeas petition due on or before March 26, 2012.

Under the "mailbox rule" a petitioner's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Barnes petition was filed on July 7, 2013. The petition was filed well past the deadlines outlined above for a timely filed habeas petition.

Barnes advances no "rare and exceptional" circumstances which would warrant equitable tolling of the statute of limitations, and he cannot show that he was actively misled or prevented in some extraordinary way from timely filing his habeas petition. *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999), *cert. denied* 529 U.S. 1099 (2000). There is no such evidence in this

case. Accordingly, the Court finds that Barnes' petition is time-barred by § 2244(d), and recommends that the motion to dismiss [18] be granted and further recommends that the petition [1] be denied as time-barred pursuant to § 2244(d)(1) and dismissed with prejudice.

If the claims asserted in Barnes' habeas petition were not time-barred, Barnes would still be prevented from advancing them in a petition because Barnes failed to properly present his claims to the state's highest court, giving the state a fair opportunity to pass on them. Barnes' claims are procedurally barred from federal review as a result. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Again, Barnes was sentenced on March 10, 2011, to twenty [20] years in the custody of the MDOC, and Barnes filed his motion for PCR on January 13, 2012. [18-2; 18-3.] The PCR motion was denied on January 26, 2012. [18-4.] Barnes' notice of appeal was filed on April 13, 2012. [18-5.] Barnes appeal was dismissed as untimely on June 20, 2012. [18-6; 18-7.] Under Mississippi Rules of Appellate Procedure 4(a), Barnes had 30 days to timely appeal the circuit court's decision.

Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). The doctrine of exhaustion mandates that a federal court cannot review a Section 2254 petition until the applicant has first provided the state with a "fair opportunity" to correct the federal violations alleged in the petition. *O'Sullivan,* 526 U.S. at 844–5; *see Sterling v. Scott*, 57 F .3d 451, 453 (5th Cir. 1995) (finding that petitioner failed to assert a cognizable right to federal habeas relief under § 2254 because claims in petition were not exhausted in the state courts). A state is given a "fair opportunity" when the prisoner has presented his claims to the highest state court available to complete an appellate review process before seeking federal habeas relief. *O'Sullivan*, 526 U.S. at 847-8. Whether an applicant has exhausted state remedies is a question of law. *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001).

5

A procedural default occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997) (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991)). Barnes need not return to the state courts to determine if his claims are procedurally defaulted, because "[w]hen it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones,* 61 F.3d at 416 (quoting *Steele v. Young,* 11 F.3d 1518, 1524 (10th Cir. 1993) (internal quotations omitted)). A procedural default also occurs when a prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman,* 501 U.S. at 735 n. 1.

However, a court may resurrect a defaulted claim, and consider its merits, if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Styron v. Johnson,* 262 F.3d 438, 454 (5th Cir. 2001). Again, to prove "cause" Barnes must establish that some "external force" impeded his efforts to comply with the procedural rule. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004). Barnes offers no evidence or argument that a genuine external force caused the procedural violation. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986). In addition, Barnes cannot establish that procedural default would occasion a miscarriage of justice, because he cannot make a colorable showing of factual innocence, that is a showing that there is "a fair probability that, in light of all the evidence, including that . . . evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts

6

would have entertained a reasonable doubt of his guilt." *Sawyer v. Whitley,* 505 U.S. 333, 339 n.5 (1992) (citations and quotations omitted); *see also Callins v. Johnson,* 89 F.3d 210, 213–214 (5th Cir. 1996). In short, Barnes has defaulted his habeas petition. The Court, therefore, recommends in the alternative that Barnes's petition for writ of habeas corpus be dismissed without prejudice for failure to meet the exhaustion requirement.

## CONCLUSION

Based on the forgoing analysis, this Court recommends that the Respondent's motion to Dismiss [18] be granted and that Barnes' Petition [1] for Writ of Habeas Corpus be dismissed with prejudice as time-barred pursuant to § 2244(d)(1). Should the claims be found to be not time-barred, the Court recommends in the alternative that Barnes petition for writ of habeas corpus be dismissed without prejudice for failure to meet the exhaustion requirement.

In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than July 2, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

This the 18th day of June, 2014.

                                                             s/ John M. Roper, Sr.
                                    CHIEF UNITED STATES MAGISTRATE JUDGE