IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EARL L. BARNES                                                            PLAINTIFF

v.                                                          CAUSE NO. 1:13CV305-LG-JMR

FRANKLIN D. BREWER                                   DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [21] entered by Chief United States Magistrate Judge John M. Roper, Sr., in which he recommends that Earl L. Barnes' habeas corpus petition should be dismissed as untimely and procedurally barred. Barnes filed an objection to the Report and Recommendation. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court, and the Motion to Dismiss [18] filed by Franklin D. Brewer should be granted.

## BACKGROUND

Earl L. Barnes pled guilty to a charge of aggravated assault in Jackson County, Mississippi. On March 10, 2011, he was sentenced to twenty years in the custody of the Mississippi Department of Corrections. He filed a Motion for Post-Conviction Relief that was dated December 25, 2011, but notarized on January 12, 2012.[1] The Motion was denied on January 26, 2012. Barnes filed a notice of appeal on April 13, 2012, but the appeal was dismissed as untimely on June 26, 2012.

---

[1] The Motion for Post-Conviction Relief could not have been presented to prison officials for mailing until it was notarized; therefore, the Motion is deemed filed on January 12, 2012, pursuant to the prison mailbox rule.

Barnes filed another notice of appeal on August 3, 2012, but the appeal was dismissed on September 25, 2012, because Barnes failed to respond to a show cause notice. Barnes filed a Petition for Writ of Habeas Corpus on July 7, 2013.

Brewer filed a Motion to Dismiss. Judge Roper issued a Report and Recommendation proposing that the Motion to Dismiss should be granted, because Barnes' petition is untimely and procedurally barred. Barnes objected to the Report and Recommendation, but he did not address the timeliness of his petition or whether his petition is procedurally barred. Rather, he argued that he pled guilty due to his attorney's ineffective assistance.

## DISCUSSION

Barnes was required to apply for a writ of habeas corpus within one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. Miss. Code Ann. § 99-35-101. Therefore, Judge Roper correctly determined that Barnes' conviction became final on March 10, 2011. Barnes' Motion for Post-Conviction Relief tolled the statute of limitations for the fourteen days that it was pending. *See* 28 U.S.C. § 2244(d)(2). Since March 24, 2012, was a Saturday, Barnes' deadline for filing his habeas petition was March 26, 2012. However, Barnes did not file his petition until July 7, 2013, and he has not argued that he is entitled to equitable tolling. As a result, Judge Roper correctly held that Barnes' petition was untimely.

In the alternative, Judge Roper determined that Barnes' petition was procedurally barred, because he did not exhaust his remedies in state court before

filing his federal petition. A federal court cannot grant habeas relief to a state prisoner unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "If a prisoner fails to exhaust state remedies and the court to which the prisoner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred due to the prisoner's own procedural default, federal courts are barred from reviewing those claims." *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010). "To overcome the procedural bar on nonexhaustion, [the prisoner] must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* Barnes has not met this strict standard. Therefore, Judge Roper's finding that Barnes' petition is procedurally barred was proper.

## CONCLUSION

For the foregoing reasons, the Court finds that Judge Roper's Report and Recommendation should be adopted as the opinion of this Court, and Brewer's Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [21] entered by Chief United States Magistrate Judge John M. Roper, Sr., is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [18] filed by Franklin D. Brewer is **GRANTED**. This lawsuit is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2014.

                                                          s/ *Louis Guirola, Jr.*
                                                          LOUIS GUIROLA, JR.
                                                          CHIEF U.S. DISTRICT JUDGE